# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE HILL,

    Plaintiff,

v.

JON D. FISHER, et al.,

    Defendants.

No. 3:11-cv-01034

(Judge Mariani)

## **MEMORANDUM**

### I.    Introduction

Tyrone Hill, a Pennsylvania state prisoner, filed this civil rights complaint in 2011 alleging that numerous individuals violated his constitutional rights. (Docs. 1, 6). Currently pending before the Court is Hill's motion for sanctions against Donald Lowe, Jason Kyler, and Superintendent Kauffman for violating a court order entered after this matter was closed. (Doc. 132). For the reasons set forth below, the Court will defer ruling on the motion for sanctions pending an evidentiary hearing.

### II.    Discussion

After Hill filed this civil rights complaint, the matter proceeded in due course and, in January 2017, was referred to Mediator Joseph A. Barrett for mediation. (Doc. 111). Shortly thereafter, the parties reached a settlement agreement ("Agreement") and the case was closed. (Docs. 116, 117).

Nevertheless, the parties disagreed on the implementation of the Agreement and, in August 2017, Hill filed a motion to enforce the Agreement. (Doc. 120). The matter was therefore referred back to Mediator Barrett to determine whether the parties could reach an amicable resolution to the dispute.[1] (Doc. 125). To protect the confidentiality of the negotiations,[2] the Court entered an order on December 2, 2018, directing prison officials "to refrain from photocopying or otherwise recording direct communications between Plaintiff and the court appointed mediator" ("Order"). (Doc. 130).

Despite this Order, a December 12, 2018, letter from Mediator Barrett to Hill was opened and photocopied by two prison guards—identified by Defendants as Lowe and Kyler. (Docs. 132, 133, 137). As a consequence of this violation of the Order, Hill requested that the Court impose monetary sanctions against Lowe, Kyler, and Kauffman. (Doc. 132). Defendants opposed the motion on the ground that there was no evidence of bad faith on the part of Lowe and Kyler. (Doc. 133). Finding the response deficient, the Court directed Defendants to file a more responsive brief that included sworn affidavits to support any factual assertions. (Doc. 136).

Defendants have now filed such a brief in which they again assert that sanctions should be denied because, although Defendants violated the Order, they did not act in bad

---

[1] By letter dated May 28, 2019, Hill indicated to the Court that the parties have reached a tentative agreement (Doc. 138), although Mediator Barrett has not yet filed a report with the Court.

[2] Such an order was necessary because, in late 2018, Pennsylvania state prisons had a policy of opening, inspecting, and photocopying all mail in the presence of the prisoner to whom the mail was addressed. (See Doc. 137, Ex. 4).

faith. (Doc. 137). Specifically, Defendants state that Lowe and Kyler had no knowledge of the Order when they opened the December 12, 2018, letter from the Mediator. (*Id.* at 5-6; *see id.* at Exs. 2, 3). Moreover, Defendants contend that "no one at [Hill's place of incarceration] knew of, or had seen the Order on December 15, 2018," and the Superintendent's office has no record of ever having received the Order. (*Id.* at 6; *see id.* at Ex. 1). Rather, according to Defendants, Lowe and Kyler opened the letter in reliance on the then-extant Pennsylvania Department of Corrections' policy that mandated prison officials open, inspect, and photocopy all incoming prisoner mail. (Doc. 137 at 3, 5; *id.* at Ex. 4).

Hill has filed a reply brief in which he asserts that—contrary to Defendants' assertion that Lowe and Kyler had no knowledge of the Order—he personally informed both officers that the Order prohibited them from opening Mr. Barrett's letter. (Doc. 139 at 2). Hill further claims that, on March 5, 2019, correctional officers again opened and photocopied a letter from Mr. Barrett to Hill. (*Id.* at 3). This allegation is concerning because, on February 1, 2019, after Hill filed his motion for sanctions, defense counsel informed the Court that she would "impress upon [prison] staff the significance of the Court's Order and the importance of it being obeyed at all times going forward." (Doc. 133 at 5). If Hill's assertion is accurate, despite counsel's promised admonition, correctional officers again violated the Order.

It is clear from the briefs submitted by the parties that both Hill's claim and the defense to that claim are entirely fact-based. The factual disputes regarding the correctional officers' knowledge of the Order, and whether they have again violated the Order, necessitate a

3

credibility determination and thus cannot be resolved on the current record. *Cf. Blackledge v. Allison*, 431 U.S. 63, 82 n.25 (1977) (noting in habeas context that "[w]hen the issue is one of credibility, resolution on the basis of affidavits can rarely be conclusive . . ."). The Court therefore concludes that an evidentiary hearing is required to resolve this matter.

## III.    Conclusion

For the foregoing reasons, the Court will reserve ruling on Hill's pending motion for sanctions (Doc. 132) pending an evidentiary hearing which will be scheduled to resolve all outstanding factual disputes. An appropriate order will follow.

BY THE COURT:

Robert D. Mariani
United States District Judge

4