# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE HILL,

        Plaintiff,

    v.

JON D. FISHER, et al.,

        Defendants.

No. 3:11-cv-01034

(Judge Mariani)

## MEMORANDUM

## I.    Introduction

Tyrone Hill, a Pennsylvania state prisoner, filed this civil rights complaint in 2011 alleging that numerous individuals violated his constitutional rights. (Docs. 1, 6). In January 2019, Hill filed a motion for sanctions, asserting that Defendants violated a court order prohibiting prison officials from photocopying or recording any communications sent to Hill by the court-appointed mediator. (Docs. 130, 132). This motion gave rise to critical factual disputes and, as a result, the Court has set an evidentiary hearing for September 19, 2019. (Docs. 140, 141). Hill has now filed a motion to appoint counsel for that hearing. (Doc. 142). For the reasons set forth below, the Court will deny Hill's motion.

## II. Discussion

In his motion to appoint counsel, Hill asserts that the testimony presented at the evidentiary hearing will "be strongly disputed" and resolution of the motion for sanctions will revolve almost entirely around the credibility of the witnesses. (Doc. 142). Hill asserts that, given the importance of cross-examination in this matter, appointed counsel is necessary. *Id.*

"Indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel." *Parkell v. Danberg*, 833 F.3d 313, 340 (3d Cir. 2016). Thus, "[d]istrict courts have broad discretion to determine whether appointment of counsel in a civil case would be appropriate" and should generally appoint counsel only "upon a showing of *special circumstances* indicating the likelihood of substantial prejudice to [plaintiff] resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Id.* (internal quotation marks omitted). The United States Court of Appeals for the Third Circuit has instructed that, when deciding whether to appoint counsel, district courts should first assess whether a claim has arguable merit and, if so, should consider several non-exhaustive factors, including:

> 1. the plaintiff's ability to present his or her own case; 2. the difficulty of the particular legal issues; 3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; 4. the plaintiff's capacity to retain counsel on his or her own behalf; 5. the extent to which a case is likely to turn on credibility determinations, and; 6. whether the case will require testimony from expert witnesses.

*Id.* "The plaintiff's ability to present a case is perhaps the most significant consideration and depends on factors such as the plaintiff's education, literacy, prior work experience, and prior litigation experience." *Id.* (brackets and internal quotation marks omitted).

Although it is clear that Hill's motion has potential merit, the six factors militate against appointing counsel. First, as to the most important factor—Hill's ability to present the case—the Court notes that Hill is literate and appears to be an experienced pro se litigator, as he has filed two civil actions in this district and pursued both cases deep into litigation.[1] More importantly, Hill's filings are cogent, well-researched with citations to relevant case law, and demonstrate Hill's ability to adequate present his case. (*See, e.g.,* Docs. 1, 51, 95, 132, 139). Second, the pending motion is not exceedingly complex and revolves almost exclusively around why prison officials copied mail sent by the mediator. Third, any factual investigation will occur at the evidentiary hearing, and there is no indication that Hill will be unable to pursue relevant lines of inquiry during the hearing, particularly in light of the well thought out arguments made in Hill's reply brief in support of his motion for sanctions. (*See* Doc. 139). Fourth, no expert testimony will be required.

Weighed against these factors is the fact that Hill cannot afford counsel (*see* Docs. 3, 11), and the outcome of the motion will almost certainly turn on credibility determinations. Nevertheless, after balancing the relevant factors, the Court concludes that appointment of counsel is not warranted.

---

[1] *See Hill v. Everhart*, 3:05-cv-01346.

## III.  Conclusion

For the foregoing reasons, Hill's motion to appoint counsel will be denied.  An appropriate order will follow.

BY THE COURT:

Robert D. Mariani
United States District Judge